IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MIAMI-CIVIL DIVISION 08-20067

CIV-COOKE

MAGISTRATE JUDGE BROWN

DANYEAL KIGHT,

Plaintiffs,

vs.

MOUNT SINAI MEDICAL CENTER OF FLORIDA, INC. f/k/a MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, INC. d/b/a MOUNT SINAI MEDICAL CENTER,

Defendant.

______________________________/

FILED by [signature] D.C.
INTAKE
JAN - 9 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, DANYEAL KIGHT ("KIGHT"), sues Defendant, MOUNT SINAI MEDICAL CENTER OF FLORIDA, INC. f/k/a MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, INC. d/b/a MOUNT SINAI MEDICAL CENTER ("EMPLOYER"), and states:

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § § 1681-1681u, as amended., and this Honorable Court has jurisdiction pursuant, *inter alia*, 15 U.S.C. § 1681p.

2. KIGHT, sui juris, is a resident of Miami-Dade County and "consumer" and former "prospective employee" of EMPLOYER within the meaning of the applicable above-referenced statute.

3. EMPLOYER is the former "employer," within the meaning of the above-referenced statute.

4. As part of Defendant's hiring policy and practice, and purportedly for employment purposes (particularly for purposes of evaluating a consumer for employment), it requires all applicants for employment to agree to a background check, including for criminal convictions.

5. As part of Defendant's uniform employment policy and practice (particularly in hiring), it then obtains "consumer reports" from "consumer reporting agencies" (as those terms are defined under FCRA) with regards to the employees.

6. Defendant than takes "adverse action" (as that term is defined under FCRA) based in whole or in part on consumer reports received from a consumer reporting agency.

7. Defendant's employment policy and practice, however, is not to provide any employees with notification of Defendant's anticipated adverse action prior to taking the action.

8. Moreover, Defendant's employment policy and practice is also not to provide to employees copies of the background report prior to making the adverse action.

9. Additionally, the Defendant's employment policy and practice is not to provide to employees copies of their rights under the Fair Credit Reporting Act prior to Defendant making the adverse action.

10. Furthermore, as part of Defendant's employment policy and practice, once the adverse action is taken against the employee/consumer based in whole or part upon the consumer report, the Defendant uniformly fails, *inter alia*, to provide the name, address, and telephone number of the consumer reporting agency that furnished the consumer report.

11. Further, as part of Defendant's employment policy and practice, once the adverse

action is taken against the employee based in whole or part upon the consumer report, the Defendant uniformly fails, inter alia, to disclose that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken.

12. Also as part of Defendant's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, the Defendant uniformly fails, inter alia, to advise the employee that she may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

13. Additionally, the Defendant's employment policy and practice is not to provide to the employees copies of their rights under the Fair Credit Reporting Act even after the Defendant makes the adverse action based in whole or part upon the consumer report even when a copy of the rights under FCRA was not provided, for example, to a prospective employee, as part of any pre-adverse determination.

14. On or about February 2006, KIGHT applied for a food service position with the EMPLOYER and as part of Defendant's uniform employment policy and procedure, requested to authorize a background check (i.e., a consumer report).

15. On or about February 2006, based upon Plaintiff's qualifications for the position, she was hired subject to the background check and health screening.

16. After the Defendant apparently conducted its background investigation, the Defendant rescinded the job offer and ultimately advised Plaintiff that the adverse action was based on the results of her criminal background check.

17. Consistent with Defendant's uniform employment policy and practice, the Plaintiff was never provided with any pre-adverse notices or documents, nor any information, disclosures or appropriate documents provided even after the adverse action was made by the Defendant and conveyed to the Plaintiff.

18. EMPLOYER undertook the acts, implemented the policy/practice, and/or engaged in the conduct referenced above through its management/H.R. personnel.

19. Defendant's failure to comply with FCRA was, *inter alia*, willful, knowing, intentional and/or in reckless and/or conscious disregard of or indifference to Plaintiff's rights under the law as well as all others similarly situated individuals.

20. KIGHT has retained the services of the undersigned counsel and she is entitled under FCRA to an award of attorney's fees for prosecution of this action.

WHEREFORE, Plaintiff demands judgment as follows:

A. Judgment for appropriate actual/compensatory, statutory and punitive damages pursuant to 15 U.S.C. §§1681n &/or o;

B. Reasonable attorney's fees and cost pursuant to 15 U.S.C. §1681n &/or o; and

C. Such other relief as the court may deem appropriate.

SINA NEGAHBANI, ESQ.
Co-counsel for Plaintiff
P.O. BOX 566055
Miami, Florida 33256-6055
Tel: (305) 595-9078
Fax:(305) 595-9079

LOREN & ASSOCIATES, P.A.
Co-Counsel for Plaintiff
320 S. State Road 7– Suite # 300
Plantation , Florida 33317
Tel: (954) 585-4878
Fax: (954) 585-4886
E-mail: JLOREN@LORENLAW.COM

JAMES LOREN, ESQUIRE
Fla Bar No.: 0055409

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** MAGISTRATE JUDGE BROWN

DANYEAL KIGHT

CIV - COOKE

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sina Negahbani, Esq.
P.O. Box 566055
Miami, Fl. 33265-6055
(305) 595-9078

Loren & Associates, P.A.
320 South State Rd 7 # 300
Plantation, Fl. 33317
(954) 585-4878

**DEFENDANTS**

MOUNT SINA MEDICAL CENTER OF FLORIDA, INC. f/k/a MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, INC. D/B/A MOUNT SINAI MEDICAL CENTER

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

MAGISTRATE JUDGE BROWN

**08-20067**

(d) Check County Where Action Arose: X MIAMI-DADE MONROE BROWARD PALM BEACH MARTIN ST. LUCIE INDIAN RIVER OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

1 U.S. Government Plaintiff
X 3 Federal Question (U.S. Government Not a Party)
2 U.S. Government Defendant
4 Diversity (Indicate Citizenship of Parties in Item III)

1:08 CV 20067-Cooke-Brown

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | X 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
110 Insurance
120 Marine
130 Miller Act
140 Negotiable Instrument
150 Recovery of Overpayment & Enforcement of Judgment
151 Medicare Act
152 Recovery of Defaulted Student Loans (Excl. Veterans)
153 Recovery of Overpayment of Veteran's Benefits
160 Stockholders' Suits
190 Other Contract
195 Contract Product Liability
196 Franchise

**REAL PROPERTY**
210 Land Condemnation
220 Foreclosure
230 Rent Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers' Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury

**PERSONAL INJURY**
362 Personal Injury - Med. Malpractice
365 Personal Injury - Product Liability
368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**CIVIL RIGHTS**
441 Voting
442 Employment
443 Housing/ Accommodations
444 Welfare
445 Amer. w/Disabilities - Employment
446 Amer. w/Disabilities - Other
440 Other Civil Rights

**PRISONER PETITIONS**
510 Motions to Vacate Sentence
**Habeas Corpus:**
530 General
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**FORFEITURE/PENALTY**
610 Agriculture
620 Other Food & Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 R.R. & Truck
650 Airline Regs.
660 Occupational Safety/Health
690 Other

**LABOR**
710 Fair Labor Standards Act
720 Labor/Mgmt. Relations
730 Labor/Mgmt.Reporting & Disclosure Act
740 Railway Labor Act
790 Other Labor Litigation
791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
820 Copyrights
830 Patent
840 Trademark

**SOCIAL SECURITY**
861 HIA (1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g))
864 SSID Title XVI
865 RSI (405(g))

**FEDERAL TAX SUITS**
870 Taxes (U.S. Plaintiff or Defendant)
871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
400 State Reapportionment
410 Antitrust
430 Banks and Banking
450 Commerce
460 Deportation
470 Racketeer Influenced and Corrupt Organizations
X 480 Consumer Credit
490 Cable/Sat TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
890 Other Statutory Actions
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
895 Freedom of Information Act
900Appeal of Fee Determination Under Equal Access to Justice
950 Constitutionality of State Statutes

FILED by D.C. INTAKE
JAN - 9 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**V. ORIGIN** (Place an "X" in One Box Only)

X 1 Original Proceeding
2 Removed from State Court
3 Re-filed- (see VI below)
4 Reinstated or Reopened
5 Transferred from another district (specify)
6 Multidistrict Litigation
7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case YES X NO
b) Related Cases YES NO
JUDGE
DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

15 USC 1681, Et Seq. - Fair Credit Reporting Act

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE
January 4, 2008

**FOR OFFICE USE ONLY**

AMOUNT 350.00 RECEIPT # IFP

541999

Print Reset